UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CLAYTON HARPER WOLFE,
          *Defendant-Appellant.*

No. 00-4898

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Irene M. Keeley, Chief District Judge.
(CR-99-10)

Submitted: March 20, 2001

Decided: May 14, 2001

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James R. Fox, JORY & SMITH, Elkins, West Virginia, for Appellant.
Melvin W. Kahle, Jr., United States Attorney, Sherry L. Muncy,
Assistant United States Attorney, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clayton Harper Wolfe entered a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), reserving the right to challenge the district court's exclusion of an intoxication defense to that charge. On appeal, Wolfe renews his argument that § 922(g)(1) is a specific intent crime to which voluntary intoxication is a defense. We affirm.

Wolfe and the Government agree that in order to establish a § 922(g) violation, the Government had to show that Wolfe knowingly possessed the firearm. *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc) (discussing elements of the offense).[1] They disagree, however, as to whether the offense is a general intent or specific intent crime. We agree with the Government that a § 922(g) offense is a general intent crime to which intoxication is not a defense.[2] *E.g.*, *United States v. Bennett*, 975 F.2d 305, 308 (6th Cir. 1992). Thus, we hold that the district court did not abuse its discretion in excluding evidence of Wolfe's intoxication at the time he committed the instant offense. *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996) (stating standard of review).

Accordingly, we affirm Wolfe's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[1]Wolfe does not challenge the other elements of the offense. *Langley*, 62 F.3d at 606.

[2]As support for his argument that § 922(g) is a specific intent crime, Wolfe cites *Wheatley v. United States*, 159 F.2d 599 (4th Cir. 1946). We find, however, that Wolfe's reliance on *Wheatley* is misplaced because the statement on which he relies is dicta and conflicts with the overwhelming agreement of the circuit courts that § 922(g) is a general intent crime.